IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

JA'COREYON R. LOGGINS                                                                                    PLAINTIFF

v.                                    Civil No. 1:22-cv-01063

EL DORADO POLICE DEPARTMENT;
SARAH WILLIAMS; GERID ARDWIN;
COTTON OLIVER; and JOHN SULLIVAN                                                              DEFENDANTS

## ORDER

Plaintiff, Ja'Coreyon R. Loggins, originally filed this 42 U.S.C. § 1983 action *pro se* on October 24, 2022 in the Eastern District of Arkansas. (ECF No. 2). The Complaint was transferred to the Western District of Arkansas on October 27, 2022. (ECF No. 3). Currently before the Court is Plaintiff's failure to comply with orders of the Court.

With his Complaint, Plaintiff filed a Motion for Leave to Proceed *in forma pauperis* ("IFP Application"). (ECF No. 1). On October 31, 2022, the Court found Plaintiff's IFP Application to be incomplete and directed him submit a completed IFP Application or pay the full filing fee by November 21, 2022. (ECF No. 6). Plaintiff failed to submit a completed IFP Application or pay the filing fee.

On November 28, 2022, the Court entered an Order to Show Cause directing Plaintiff to show cause why he failed to obey the Court's October 31, 2022 Order and submit a completed IFP Application or pay the filing fee. (ECF No. 7). Plaintiff's response to the Order to Show Cause was due December 19, 2022. (ECF No. 7). Plaintiff failed to respond. Further, no mail sent to Plaintiff at his address of record has been returned as undeliverable.

Although *pro se* pleadings are to be construed liberally, a *pro se* litigant is not excused

from complying with substantive and procedural law.  *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984).  The Local Rules state in pertinent part:

> It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. . . . If any communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice.  Any party proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure.

Local Rule 5.5(c)(2).

Additionally, the Federal Rules of Civil Procedure specifically contemplate dismissal of a case on the grounds that the plaintiff failed to prosecute or failed to comply with orders of the court.  Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962) (stating the district court possesses the power to dismiss *sua sponte* under Rule 41(b)).  Pursuant to Rule 41(b), a district court has the power to dismiss an action based on "the plaintiff's failure to comply with *any* court order."  *Brown v. Frey*, 806 F.2d 801, 803-04 (8th Cir. 1986) (emphasis added).

Plaintiff has failed to obey multiple Court Orders.  Therefore, pursuant to Federal Rule of Civil Procedure 41(b) and Local Rule 5.5(c)(2), the Court finds that this case should be dismissed.  Accordingly, Plaintiff's Complaint (ECF No. 2) is **DISMISSED WITHOUT PREJUDICE**.

**IT IS SO ORDERED**, this 16th day of February, 2023.

/s/ Susan O. Hickey
Susan O. Hickey
Chief United States District Judge